**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**YUHAO ZHENG** **PETITIONER**

**V.** **CIVIL NO. 5:26-cv-00188-DCB-BWR**

**RAFAEL VERGARA,**
**IN HIS OFFICIAL CAPACITY AS WARDEN** **RESPONDENT**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on Magistrate Judge Rath's Report and Recommendation ("Report") [ECF No. 13], which recommends Petitioner Yuhao Zheng ("Petitioner")'s 28 U.S.C. 2241 Petition [ECF No. 1] be dismissed without prejudice as moot. The basis for this recommendation is Petitioner's release from Immigration and Customs Enforcement (ICE) detention.

## I. BACKGROUND

On March 16, 2026, Petitioner filed a Writ of Habeas Corpus with the Court under 28 U.S.C. § 2241. (ECF No. 1]. On May 1, 2026, Judge Rath issued an Order directing Respondent to file an answer or other responsive pleading in this cause within twenty days of service of the Order [ECF No. 4]. Service of the Order was executed and acknowledged by Respondent on May 4, 2026. On May 26, 2026, Respondent filed a response [ECF No. 8] to Petitioner's Petition explaining that the Department of Homeland Security was actively working on Petitioner's removal from the United States.

The Court entered an Order [ECF No. 11] on July 29, 2026, requiring Respondent to file a status update addressing the progress and timeline to remove Petitioner from the United States. Pursuant to the Court's Order, Respondent filed a response [ECF No. 12] notifying the Court that Petitioner was released from ICE custody on an Order of Supervision on July 8, 2026, with a reporting frequency of every 6 months [ECF No. 12-1].

On August 12, 2026, Judge Rath issued the Report, and objections were due by August 26, 2026. No party objected to the Report.

## II. STANDARD OF REVIEW

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion, and contrary to law" standard of review to the report and recommendation. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

Here, after reviewing the record, no party objected to Judge Rath's Report and Recommendation, and the period to object has lapsed. As such, the Court adopts the abuse of discretion standard in reviewing the Report.

## III. DISCUSSION

The Court, having considered Petitioner's Petition [ECF No. 1], the record, the relevant law, and Magistrate Judge Rath's Report [ECF No. 13], finds Petitioner's Petition is moot pursuant to Petitioner's release from ICE custody on July 8, 2026. Therefore, Petitioner's Petition [ECF No. 1] should be dismissed without prejudice.

## IV. CONCLUSION

The Court agrees with Judge Rath's recommendation and adopts his findings and conclusions in full. The Report [ECF No. 13] is hereby ADOPTED and the action is DISMISSED WITHOUT PREJUDICE.

A separate and final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED, this the 2 day of September, 2026.

/s/David C. Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE